# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 23, 2021

Lyle W. Cayce
Clerk

No. 21-60152
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTONIO TURNER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:08-CR-141-1

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Antonio Turner, federal prisoner # 16225-043, was convicted of: interference with commerce by robbery, in violation of 18 U.S.C. § 1951; brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); carjacking resulting in serious bodily injury, in violation of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-60152

18 U.S.C. § 2119; discharging a firearm during a crime of violence, in violation of § 924(c)(1)(C)(i); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Our court affirmed. *United States v. Turner*, 674 F.3d 420, 426 (5th Cir. 2012).

Turner, serving a 1,000-month aggregate sentence, appeals the denial, without prejudice, of his motion for sentence reduction for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He contends: the 18 U.S.C. § 3553(a) sentencing factors weigh in favor of reduction; and the district court abused its discretion because the following extraordinary-and-compelling reasons warrant reduction: amendments to 18 U.S.C. § 924(c) under the First Step Act of 2018; the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017); his rehabilitation efforts in prison; and his age at the time of the offenses, combined with the sentence imposed.

As reflected above, denial of a compassionate-release motion is reviewed for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court may reduce a term of imprisonment if, after considering the applicable § 3553(a) factors, it concludes "extraordinary and compelling reasons warrant such a reduction". 18 U.S.C. § 3582(c)(1)(A)(i). The policy statements and commentary in Sentencing Guideline § 1B1.13 are not binding when a court addresses a prisoner's compassionate-release motion. *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

Although the court concluded extraordinary-and-compelling reasons did not exist based on post-sentencing changes in the law, it alternatively denied Turner's motion upon deciding the § 3553(a) factors did not weigh in his favor. Turner's disagreement with the court's weighing of those factors is not sufficient to demonstrate abuse of discretion. *See Chambliss*, 948 F.3d

No. 21-60152

at 694 (explaining disagreement with factor analysis insufficient to support reversal).

AFFIRMED.